UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MATTHEW KEMPA,                                    Case No. 22-cv-12614

     Plaintiff,                                   F. Kay Behm
v.                                                United States District Judge

UNITED SERVICES AUTOMOBILE
ASSOCIATION,

     Defendant,

and

UNITED SERVICES AUTOMOBILE
ASSOCIATION,

     Cross-Plaintiff,

v.

MATTHEW KEMPA,
ESSENTIAL SPINE INTERVENTIONS, PLLC,
ALLIANCE ANESTHESIA, CHESTERFIELD
FAMILY CHIROPRACTIC, DR. TODD
KLEINSTEIN DC, CREDIT SERVICE INC.,
GENERAL RADIOLOGY ASSOCIATES, INSIGHT
ANESTHESIA, JAWAD A. SHAH, MD,
VETERANS ADMINISTRATION HOSPITAL,
DEPARTMENT OF VETERANS AFFAIRS,
ESSENTIAL OPEN INTERVENTIONS,
PARKWOOD OPEN IMAGING, HEALTHQUEST
PHYSICAL THERAPY, MCLAREN MACOMB,
SOUTHEAST MICHIGAN SURGICAL HOSPITAL,
MILFORD MEDICAL SUPPLIES,

GREAT LAKES PHARMACY, REGIONAL
TRAUMA CARE PC, and MACOMB
EMERGENCY PHYSICANS,

     Cross-Defendants.

_____ /

## OPINION AND ORDER GRANTING MOTION
## TO REMAND TO STATE COURT (ECF No. 6)

**I.**    **PROCEDURAL AND FACTUAL HISTORY**

This action stems from an automobile accident occurring on January 15,

2021.  (ECF No. 6-1, PageID.99, First Amended Complaint).  As a result of this

accident, Plaintiff/Cross-Defendant Kempa ("Kempa") allegedly suffered a number

of injuries to "his head, neck, back, left shoulder, legs…" as well as "traumatic

shock and injury to the nervous system, causing severe mental and emotional

anguish…" (*Id.*, PageID.101).  At the time of the accident, Kempa was covered

under a policy of Michigan no-fault automobile insurance through

Defendant/Cross-Plaintiff United Services Automobile Association ("USAA").  (ECF

No. 10, PageID.160).  Kempa filed his First Amended Complaint in the Macomb

County Circuit Court on July 1, 2021, seeking Personal Injury Protection (PIP)

benefits pursuant to the Michigan No-Fault Act (Mich. Comp. Laws. § 500.3101 *et

seq.*).  (ECF No. 6-1, PageID.104).

USAA argues that the relevant insurance policy only provided for $250,000 in PIP coverage and, therefore, Kempa's claims currently exceed the insurance coverage available to him.  (ECF No. 6, PageID.81).  USAA further argues they have already paid $219,878.55 in PIP benefits to Kempa, leaving only $30,121.45 for any remaining claims.  (*Id.*).  Given the limited remaining funds, USAA filed a Cross-Complaint for Interpleader pursuant to Mich. Ct. R. 3.603 on November 8, 2022.  (ECF No. 6-3).  This cross-complaint lists all potential claimants and seeks "an order restraining Cross-Defendants from prosecuting any action against Cross-Plaintiff with regard to any PIP medical claims until the determination of this action" and "an order requiring Cross-Defendants to show cause why the restraining order should not be made a preliminary injunction."  (*Id.*, PageID.111).

Following the filing of the interpleader complaint, Kempa filed a Notice of Removal to the U.S. District Court, Eastern District of Michigan based on federal question jurisdiction.  (ECF No. 1).  He argued that a federal question exists because the interpleader complaint lists the United States Department of Veterans Affairs ("VA") as a Cross-Defendant against whom "restraining orders" and possibly "preliminary injunctions" are sought.  (*Id.*, PageID.3).  Kempa argues that only a federal court has jurisdiction to order specific performance of

3

restraining orders or preliminary injunctions against federal agencies.  (ECF No. 10, PageID.164).

On November 8, 2022, USAA filed a Motion to Remand, arguing that no federal question exists in this matter.  (ECF No. 6, PageID.83).  The court held a hearing on June 28, 2023, wherein both parties participated in oral argument.  (*See* ECF No. 11, 12).  Because the court finds that Kempa was not the proper party to remove this action to federal court, it must be remanded.  Thus, USAA's Motion to Remand is **GRANTED.**

## II.   ANALYSIS

The statute authorizing removal from state court to federal court, 28 U.S.C. § 1441(a), states that cases may be removed by "the defendant or the defendants."  The term "defendant" in the removal statute has been narrowly construed to refer only to defendants in the traditional sense, meaning parties against whom the plaintiff asserts claims.  *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 104-08 (1941).  Likewise, counterclaim or third-party defendants, including cross-defendants, are not "defendants" who may remove an action to federal court.  *See id.* (holding that the removal statute must be narrowly interpreted to authorize removal only by traditional defendants); *Progressive West Ins. Co. v. Preciado*, 479 F.3d 1014, 1017 (9th Cir. 2007) (affirming

"*Shamrock's* longstanding rule that a plaintiff/cross-defendant cannot remove an action to federal court); *In Re Mortg. Elec. Registration Sys., Inc.*, 680 F.3d 849, 853 (6th Cir. 2012) ("[§ 1441 does] not provide a basis for removal by a third-party defendant."); *Home Depot U.S.A., Inc. v. Jackson*, 139 S. Ct. 1743, 1748 (2019) ("§ 1441(a) does not permit removal by any counterclaim defendant").

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).  "[A] finding that removal was improper deprives th[e] court of subject matter jurisdiction and obliges a remand under the terms of § 1441(c)."  *Int'l Primate Prot. League v. Administrators of Tulane Educ. Fund*, 500 U.S. 72, 87 (1991) (citing *Brewer v. Dep't of Housing and Urban Dev.*, 508 F. Supp. 72, 74 (S.D. Ohio 1980)). Likewise, the court must remand this case to the Macomb County Circuit Court. This opinion should not be taken as an adjudication on the merits as to the question of whether a state court has jurisdiction to issue injunctions against a federal agency.

## III.   CONCLUSION

Because the court lacks subject matter jurisdiction over this case, the court **GRANTS** USAA's motion and the matter is **REMANDED** to state court.

**SO ORDERED**.

Date:  June 28, 2023                          <u>s/F. Kay Behm</u>
                                              F. Kay Behm
                                              United States District Judge